Patrick F. Flaherty
Daniel J. Flaherty
Flaherty Gallardo Lawyers
Attorneys at Law
P.O. Box 1968
1026 First Avenue South
Great Falls, MT 59403
(406) 727-8494
pat@greatfallsfirm.com

*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA GREAT FALLS DIVISION**

| | |
|---|---|
| CHANCE J. EVANS,<br><br>        PLAINTIFF,<br><br>    VS.<br><br>GAYLE J. EVANS JR.,<br><br>        DEFENDANT. | CAUSE No. CV-24-64-GF-JTJ<br><br>**COMPLAINT** |

**SUMMARY OF COMPLAINT**

This is a complaint for the recovery of an inheritance and related damages, including injunctive relief.

**PARTIES JURISDICTION AND VENUE**

This case is brought in federal court pursuant to 28 USC 1343. The amount in controversy exceeds $100,000. Gayle J. Evans Jr. resides at 1050 Red Bell Loop, Stanford Montana 59479. Chance J. Evans resides in the State of Mississippi.

Jurisdiction is therefore proper in this court under the diversity of citizenship laws.

1

# FACTS

1. Gayle Evans Sr. passed away on April 10, 2019. His estate has been probated first in the State of Mississippi in Cause No.: 19-2019-pr-093-WS, Chancery Court of Franklin County, Mississippi, and as an ancillary probate in the State of Montana in Cause No.: DP-2022-3 in the Tenth Judicial District Court in Judith Basin County, Montana.

2. The Montana property is to be divided equally between Chance Evans and Gayle Evans Jr. The property in Montana includes a ranch with approximately 3500 acres; a house, outbuildings, equipment, crops, accounts receivable and a cattle herd.

3. Gayle Evans Jr. has continuously resided on the ranch property on Montana since the death of Gayle Evans Sr.

4. The established family business practice was that money from the sales of the Montana cattle would be deposited in a joint checking account in Mississippi. Expenses would be paid out of that account and the profit split equally between Gayle Evans Jr. and Chance Evans.

5. However, since the death of Gayle Evans, Sr., Gayle Evans, Jr. has changed the accounting protocols.

6. Gayle Evans Jr. has been converting the Montana property to his own use. Specifically, he has been selling cattle and not accounting for the proceeds of the sales of the cattle. He is keeping all the proceeds of the sale of those cattle. He has been doing this for over four years.

7. Gayle Evans Jr. owes a high fiduciary duty to his brother, Chance Evans, because they are partners in the Montana Ranch.

8. Chance Evans has been continually requesting an accounting both informally and through attorneys.

2

9. As of the date of the filing of this complaint no accounting has been made.

10. Gayle Evans Jr. has been deceitful and dishonest his representations and business dealings with Chance Evans. He continues to refuse account for his brother's 50% ranch interest.

11. The failure to provide an accounting gives rise to a concern that the estate is being wasted, dissipated and/or converted to the use of one partner in violation of Fiduciary Duties.

12. It is implied in all contracts a covenant of good faith, fair dealing, and honesty in fact. The Defendant has breached the covenant of good faith and fair dealing with his brother.

13. The actions of Gayle Evans Jr. are malicious, willful and oppressive.

## CLAIMS FOR RELIEF:

## FIRST CLAIM FOR RELIEF: ACCOUNTING

14. The Plaintiff restates the foregoing allegations and asks that the Defendant be required to account for all Montana property that has been under his control since the passing of his father in 2019.

15. To date, Gayle Evans Jr. has failed and/or refused to provide an accounting.

16. As a result of Gayle Evans Jr.'s conduct, Chance Evans is unaware as to the status of his 50% share of the Montana inheritance and he has received no compensation for his interest.

17. Chance Evans is entitled to a detailed accounting, delineating how and where ranch funds were spent. He is also entitled to recover his share of the profits, rents, and damages.

## SECOND CLAIM FOR RELIEF: BREACH OF FIDUCIARY DUTY

18. The Plaintiff hereby incorporates by reference paragraphs 1-17.

19. The Defendant owes a Fiduciary Duty to his brother as a partner in the inherited property.

20. The Defendant has breached his Fiduciary Duties.

21. The Plaintiff has been damaged by the Defendant's Breach of his Fiduciary Duties.

22. The Plaintiff is entitled to recover compensatory and punitive damages for the breaches of these duties.

### THIRD CLAIM FOR RELIEF: DECLARATORY RELIEF

23. The Plaintiff hereby incorporates by reference paragraphs 1-22.

24. The Plaintiff is bringing this action pursuant to the Montana Uniform Declaratory Judgment Act at § 27-8-101 et. Seq. M.C.A. and ask that this Court rule that the Defendant owes fiduciary duties as a partner to his brother.

25. The Plaintiff also requests that this Court declare that the Defendant's actions are a Breach of his Fiduciary duties, breach of his duties to account, and for conversion as a matter of law.

### FOURTH CLAIM FOR TORTIOUS OR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

26. The Plaintiff hereby incorporates by reference paragraphs 1-25.

27. The Defendant's actions were intentional.

28. The Defendant's actions were calculated to cause damages to the Plaintiff's business.

29. The Defendant acted with the unlawful purpose of causing harm without right or justifiable cause.

30. The Plaintiff was damaged by Defendant's actions and Chance Evans is entitled to recover compensatory and punitive damages.

### FIFTH CLAIM FOR RELIEF: BREACH OF CONTRACT

31. The Plaintiff realleges and hereby incorporates by reference the allegations in paragraphs 1-30.

4

32. The Plaintiff and the Defendant have a contract in which the brother, Gayle Evans Jr. would live on the ranch and account and split the profits with his brother because Chance Evans owns ½ of the ranch.

33. Defendant has breached his contract with his brother by failing to honor his contractual and fiduciary duties to his partner.

34. The Plaintiff has been injured and has suffered damages as a result of the Defendant's Breach of Contract.

35. The Plaintiff is entitled to recover actual compensation and consequential for all damages flowing from the breach.

### SIXTH CLAIM FOR RELIEF: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

36. The Plaintiff hereby incorporates by reference paragraphs 1-35.

37. A covenant of good faith and fair dealing was implied in the contract between the Plaintiff on the one hand, and the Defendant on the other hand.

38. The covenant of good faith and fair dealing required Plaintiff and Defendant to act with honesty in fact with respect to their obligations under their contract together.

39. The covenant of good faith and fair dealing required the Plaintiff and Defendant to act in accordance with commercial standards of fair dealing in the trade with respect to their obligations under their ranch partnership.

40. Gayle Evans Jr. breached the covenant of good faith and fair dealing implied in his partnership contract with Chance Evans.

41. Chance Evans has been injured and has suffered damages as a result of Gayle Evans Jr.'s breaches of the covenant of good faith and fair dealing.

42. Chance is entitled to recover compensatory damages flowing from the breach.

5

### SEVENTH CLAIM FOR RELIEF: UNJUST ENRICHMENT AND CONSTRUCTIVE TRUST

43. The Plaintiff hereby incorporates by reference paragraphs 1-42.

44. Gayle Evans Jr. has unjustly benefited from his possession of the ranch property from his use of the Montana inheritance to the detriment of his brother.

45. Gayle Evans Jr. has not paid Chance Evans for the value of such benefit.

46. Gayle Evans Jr.'s retention of such benefit is unjust.

47. Chance Evans has been injured and suffered damages as a result of Gayle Evans Jr.'s actions.

48. Chance Evans is entitled to restoration of the value of such benefit, disgorgement of Gayle Evans Jr.'s remunerations received from his use of Chance Evans share of the ranch and the imposition of a constructive trust over such inheritance.

### EIGHTH CLAIM FOR RELIEF: CONVERSION

49. The Plaintiff hereby incorporates by reference paragraphs 1-48.

50. Chance Evans is the rightful owner of half of the Evans Ranch located in Judith Basin County.

51. Gayle Evans Jr. took possession of, and retained in possession of, the ranch and property located on the ranch with the understanding that he would not waste the property and would split profits evenly.

52. Gayle Evans Jr.'s handling of the ranch revenue has caused injury and damages to Chance Evans.

53. Gayle Evans Jr. took possession of and remained in possession of, the money and proceeds without sharing ½ of the profits, paying rent or providing an accounting.

6

54. Gayle Evans Jr.'s possession of and control over the ranch and Proceeds is inconsistent with Chance Evan's ownership rights and has wrongfully deprived Chance Evans of his right to receive his share of the property revenue.

55. Gayle Evans Jr. has been collecting all of the revenue in connection with his operation of the ranch and he has not accounted for, nor delivered any revenue to his brother.

56. The actions of the defendant constitutes the tort of conversion. Chance Evans is entitled to recover compensatory and punitive damages for the tort of conversion.

## NINTH CLAIM FOR RELIEF: INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

57. The Plaintiff hereby incorporates by reference paragraphs 1-56.

58. The Defendant's actions were intentional.

59. The Defendant's actions were calculated to cause damages to the Plaintiffs' inheritance.

60. The Defendant acted with the unlawful purpose of causing harm without right or justifiable cause.

61. The Plaintiff was damaged by Defendant's actions.

## TENTH CLAIM FOR RELIEF: WASTE

62. The Plaintiff hereby incorporates by reference paragraphs 1-61.

63. The Defendant is wasting and mismanaging the ranch inheritance to the detriment of the Plaintiff and the Plaintiff is entitled to equitable relief for the waste.

## ELEVENTH CLAIM FOR RELIEF:  PARTITION

64. The Plaintiff hereby incorporates by reference paragraphs 1-63.

65. The brothers are equal owners of the real estate described in Exhibit "A" consisting of approximately 3,600 acres, a home, outbuildings, equipment, leases, mineral interests and other interests in real property.

66. The Plaintiff asks that this court partition the property pursuant to § 70-29-103, M.C.A, and equitably divide the land, fixtures, equipment, chattels, and related interests in the property.

### **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that this Court enter its Order:

1. The Plaintiff desires a Declaratory Judgment protecting him from the Defendant's breach of Fiduciary Duties for a declaration of accounting to be provided and for the recovery of tort damages.

2. For judgment in favor of Chance Evans against Gayle Evans Jr. on all claims asserted in this Complaint.

3. For an order awarding Chance Evans the damages he has suffered as a result of Gayle Evans Jr.'s actions

4. For an order directing Gayle Evans Jr. to perform and provide to Chance Evans an accounting of all ranch liabilities, expenses, income, and assets.

5. For Chance Evans' costs, expenses, and reasonable attorney's fees.

6. The Plaintiff reserves the right to request that a Preliminary Injunction be issued to pressure and protect the inheritance.

7. The Plaintiff further prays for such relief as this Court deems just and proper in resolving this matter.

Dated this 23rd day of July 2024.

/s/ Patrick F. Flaherty
Patrick F. Flaherty, *Attorney for Plaintiff*

# EXHIBIT A

### Property Descriptions

RETURN TO NORWEST BK DILLON
P.O. BOX 1127
DILLON, MT. 59725

151415

BOOK **176** PAGE **814**

**STATE OF MONTANA,**
County of JUDITH BASIN } ss. FEE: $10.00 PD.   INDEXED

Filed for record this 17 day of DECEMBER 19 86 at 0:55 o'clock A. M. and Recorded in Book 176 of Deeds on Page 814 of the Records of County of JUDITH BASIN, State of Montana. GERALDINE D. LYNN, Clerk and Recorder By _____

NO. 6 — WARRANTY DEED — SHORT FORM — PHOTO

**This Indenture,** Made the 10th day of December A. D. one thousand nine hundred and eighty-six

**BETWEEN** Norwest Bank Dillon, National Association

of 20 N Montana, Dillon, MT 59725 part y of the FIRST PART

and G.J. Evans, Jr., Deborah Kaye Evans and Gayle J. Evans

of P.O. Box 55, McCall Creek, Mississippi the part ies of the SECOND PART;

WITNESSETH, that the said part y of the FIRST PART, for and in consideration of the sum of ONE DOLLAR AND OTHER VALUABLE CONSIDERATION Dollars ($ 1.00 O.V.C. ) lawful money of the United States of America to them in hand paid by said part ies of the SECOND PART, the receipt whereof is hereby acknowledged; do by these presents grant, bargain, sell, convey, warrant and confirm unto the said part ies of the SECOND PART, and to their heirs and assigns forever, the hereinafter described real estate situated in the city or town of _____, County of Judith Basin, and State of Montana, to-wit: See Attached Exhibit "A"

TOGETHER with all and singular the hereinbefore described premises together with all tenements, hereditaments, and appurtenances thereto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues, and profits thereof; and also all the estate, right, title, interest, right of dower and right of homestead, possession, claim and demand whatsoever, as well in law as in equity, of the said part y of the FIRST PART, of, in or to the said premises, and every part and parcel thereof, with the appurtenances thereto belonging, TO HAVE AND TO HOLD, all and singular the above mentioned and described premises unto the said part ies of the SECOND PART, and to their heirs and assigns forever. And the said part y of the FIRST PART, and its heirs, do hereby covenant that they will forever WARRANT and DEFEND all right, title and interest in and to the said premises and the quiet and peaceable possession thereof, unto the said part ies of the SECOND PART their heirs and assigns, against all acts and deeds of the said part y of the FIRST PART, and all and every person and persons whomsoever lawfully claiming or to claim the same.

IN WITNESS WHEREOF, the said part y of the FIRST PART has hereunto set its hand and seal the day and year first hereinbefore written.

Signed, Sealed and Delivered in the presence of

NORWEST BANK DILLON, NATIONAL ASSOC (SEAL)
BY _____ (SEAL)
_____ (SEAL)
ATTEST _____ (SEAL)

**STATE OF MONTANA,**
County of Beaverhead } ss.

On this 10th day of December in the year nineteen hundred and eighty-six before me _____, a Notary Public for the State of Montana, personally appeared _____ and _____

known to me _____ Vice Presidents
(or proved to me on oath of _____)
to be the person s whose name s are subscribed to the within instrument and acknowledged to me that t he y executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my Notarial Seal the day and year first above written

_____
Notary Public for the State of Montana.
Residing at _____  My Commission expires _____, 19__

EXHIBIT "A"

BOOK 176 PAGE 815

Township 15 North, Range 12 East, M.P.M.
    Section 16: SE 1/4, N 1/2 SW 1/4, SE 1/4 NW 1/4, S 1/2 NE 1/4
    Section 17: NE 1/4 SE 1/4
    Section 20: S 1/2 NE 1/4
    Section 21: All
    Section 22: N 1/2, SE 1/4, W 1/2 SW 1/4, SE 1/4 SW 1/4, a
A tract of land in the NE 1/4 SW 1/4 described as follows: Commencing at the SW 1/4 of said Sec. 22; thence East for a distance of 1320 feet, more or less, to the NW corner of the NE 1/4 SW 1/4 of said Sec. 22; thence S 54 degrees 37' E for a distance of 157.2 feet to the center line of the Lehigh Spur of the Great Northern Railway Company, as formerly located and constructed, but now abandoned; thence S 11 degrees 40' E for a distance of 50 feet to the true point of commencement of the tract herein described thence S 11 degrees 40' E for a distance of 225 feet; thence N 78 degrees 20' E for a distance of 75 feet; thence N 11 degrees 40' W for a distance of 225 feet, thence S 78 degrees 20' W for a distance of 75 feet to the true point of commencement.
    Section 23: W 1/2 W 1/2, SE 1/4 SW 1/4, NE 1/4 NW 1/4 excepting the east 670 feet
    Section 26: NE 1/4 NW 1/4
    Section 27: W 1/2 NW 1/4, NW 1/4 SW 1/4
    Section 28: N 1/2, N 1/2 S 1/2, S 1/2 SW 1/4, SW 1/4 SE 1/4
    Section 29: SE 1/4 NE 1/4, SE 1/4
    Section 32: E 1/2, All that part of the S 1/2 NW 1/4 described as follows: Beginning at the center of said Sec. 32, thence running W 209.1 feet; thence N 8 degrees 58' E 1341.2 feet to the northeast corner of the SE 1/4 NW 1/4 of said Sec. 32; thence S 1325 feet to the point of beginning; and beginning at a point 742 feet N and 2032 feet W of the center of Sec. 32 and running S 60 feet, thence W 50 feet; thence N 60 feet; thence E 50 feet to the point of beginning.
    Section 33: NW 1/4 NW 1/4

EXCEPTING THEREFROM a strip of piece of land 100 feet wide, being 50 feet wide on each of the center line of the Lehigh Branch, so-called, of the railway of the Great Northern Railway Company, as formerly located and constructed, but now abandoned, and extending over and across the N 1/2 Sec. 22, NW 1/4 'NW 1/4, and the above described portions of NE 1/4 NW 1/4 of Sec. 23, T15N, R12E. M.P.M.

In Judith Basin County, MT

Together with all water rights, without warranty and all mineral rights, without warranty.

157593                                    BOOK 184 PAGE 952

## DEED OF DISTRIBUTION

THIS DEED is executed this 12th day of July, 1993, by the undersigned in the capacity of the duly appointed, qualified and acting Personal Representative of the Estate of DEBORAH KAYE EVANS, Deceased.

Proceedings for the administration of the estate being filed as Cause No. DP-88-186 in the District Court of the Tenth Judicial District at Stanford, Judith Basin County, Montana, the undersigned as Personal Representative has determined the persons entitled to distribution of the estate properties according to law as appears from the files in the cause.

NOW, THEREFORE, for the purposes of making a partial distribution, as provided by law, the undersigned, as such Personal Representative, hereby assigns, transfers and conveys to CHANCE JACKSON EVANS, Star Route, Stanford, Montana 59479:

The estate's undivided 1/3 interest in and to the following described real property:

Please see Exhibit "A" attached hereto and by this reference made a part thereof.

IN WITNESS WHEREOF, the undersigned executes and acknowledges this instrument as of the date above stated.

_____
GAYLE J. EVANS, Personal Representative
of the Estate of DEBORAH KAYE EVANS, Deceased

STATE OF MONTANA     )
                     : ss.
County of Judith Basin )

On this 12th day of July, 1993, before me, the undersigned, a Notary Public for the State of Montana, personally appeared GAYLE J. EVANS, known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official Notarial Seal the day and year first hereinabove written.

(Notarial Seal)

_____
Notary Public for the State of Montana
Residing at: Stanford, Montana
My Commission expires: 02/03/95

157593

BOOK 184 PAGE 953



BOOK 170 PAGE 810

EXHIBIT "A"

Township 15 North, Range 12 East, M.P.M.
  Section 16:  SE 1/4, N 1/2 SW 1/4, SE 1/4 NW 1/4,
               S 1/2 NE 1/4
  Section 17:  NE 1/4 SE 1/4
  Section 20:  S 1/2 NE 1/4
  Section 21:  All
  Section 22:  N 1/2, SE 1/4, W 1/2 SW 1/4, SE 1/4 SW 1/4, a
tract of land in the NE 1/4 SW 1/4 described as follows:
Commencing at the SW 1/4 of said Sec. 22; thence East for a
distance of 1320 feet, more or less, to the NW corner of the
NE 1/4 SW 1/4 of said Sec. 22; thence S 54 degrees 37' E for a
distance of 157.2 feet to the center line of the Lehigh Spur of
the Great Northern Railway Company, as formerly located and
constructed, but now abandoned; thence S 11 degrees 40' E for a
distance of 50 feet to the true point of commencement of the
tract herein described; thence S 11 degrees 40' E for a distance
of 225 feet; thence N 78 degrees 20' E for a distance of 75
feet; thence N 11 degrees 40' W for a distance of 225 feet,
thence S 78 degrees 20' W for a distance of 75 feet to the true
point of commencement.
  Section 23:  N 1/2 N 1/2, SE 1/4 SW 1/4, NE 1/4 NW 1/4,
excepting the east 670 feet
  Section 26:  NE 1/4 NW 1/4
  Section 27:  W 1/2 NW 1/4, NW 1/4 SW 1/4
  Section 28:  N 1/2, N 1/2 S 1/2, S 1/2 SW 1/4, SW 1/4
               SE 1/4
  Section 29:  SE 1/4 NE 1/4, SE 1/4
  Section 32:  E 1/2, All that part of the S 1/2 NW 1/4
described as follows: Beginning at the center of said Sec. 32;
thence running W 209.1 feet; thence N 8 degrees 58' E 1341.2
feet to the northeast corner of the SE 1/4 NW 1/4 of said Sec.
32; thence S 1325 feet to the point of beginning; and beginning
at a point 742 feet N and 2032 feet W of the center of Sec. 32
and running S 60 feet, thence W 50 feet; thence N 60 feet;
thence E 50 feet to the point of beginning.
  Section 33:  NW 1/4 NW 1/4

EXCEPTING THEREFROM a strip of piece of land 100 feet wide,
being 50 feet wide on each of the center line of the Lehigh
Branch, so-called, of the railway of the Great Northern Railway
Company, as formerly located and constructed, but now abandoned,
and extending over and across the N 1/2 Sec. 22, NW 1/4 NW 1/4,
and the above described portions of NE 1/4 NW 1/4 of Sec. 23;
T15N, R12E. M.P.M.

In Judith Basin County, MT

Together with all water rights, without warranty and all mineral rights,
without warranty.

STATE OF MONTANA - COUNTY OF JUDITH BASIN
FILED FOR RECORD THIS 12+h DAY OF July A.D. 19 93 AT 1:35 O'CLOCK PM AND DULY
RECORDED IN VOLUME 184 AT PAGE 952 RECORDS OF JUDITH BASIN COUNTY, MONTANA.
FEE $ 12.00
RETURNED TO Christensen - Hubble
               Stanford MT 59479

COUNTY RECORDER
DEPUTY

INDEXED

167061

## QUITCLAIM DEED TO UNDIVIDED INTEREST

**FOR AND IN CONSIDERATION** of the sum of Ten and no/100 Dollars ($10.00), cash in hand paid, and other good and valuable consideration, the receipt and sufficiency of all of which is hereby acknowledged, I, G. J. Evans, Jr., P.O. Box 55, McCall Creek, Mississippi 39647, do hereby bargain, sell, convey and quitclaim onto Gayle J. Evans, P.O. Box 55, McCall Creek, Mississippi 39647, as Trustee of the G. J. Evans, Jr. Revocable Living Trust, the following described property lying and being situated in the County of Judith Basin, State of Montana, to wit:

**Please See attached Exhibit "A", incorporated herein and by this reference made a part hereof**

Together with all said property's appurtenances;

Together with Grantor's interest in all income or loss from said property;

No part of the hereinabove identified lands constitutes any part of the homestead of the Grantor;

**WITNESS** my signature on this __2__ day of __July__, 2004.

_G.J. Evans, Jr._
G.J. Evans, Jr.
P.O. Box 55
McCall Creek, Mississippi 39647

STATE OF __Montana__, COUNTY OF __Judith Basin__
This Instrument was acknowledged before me __7-2__, 2004, by

_Ward E. Smail_
WARD E. SMAIL

Notary Public for the State of __Montana__
Residing in: __Stanford, MT__
Commission Expires: __12-01-2005__

[Notary Seal: WARD E. SMAIL NOTARIAL SEAL STATE OF MONTANA]

167061          Fee $ 18.00
JUDITH BASIN COUNTY
Recorded 07/02/2004 At 08:45 AM
Amanda H. Kelly, Clerk and Recorder
By _____ Deputy

### EXHIBIT "A"

An undivided 1/3 interest in and to the following described real and personal property:

Township 15 North, Range 12 East, M.P.M.
- Section 16: SE ¼, N ½ SW ¼, SE ¼ NW ¼, S ½ NE ¼
- Section 17: NE ¼ SE ¼
- Section 20: S ½ NE ¼
- Section 21: All
- Section 22: N ½, SE ¼, W ½ SW ¼, SE ¼ SW ¼, a tract of land in the NE ¼ SW ¼ described as follows: Commencing at the SW ¼ of said Sec. 22; thence East for a distance of 1320 feet, more or less, to the NW corner of the NE ¼ SW ¼ of said Sec. 22; thence S 54 degrees 37' E for a distance of 157.2 feet to the center line of the Lehigh Spur of the Great Northern Railway Company, as formerly located and constructed, but now abandoned; thence S 11 degrees 40' E for a distance of 50 feet to the true point of commencement of the tract herein described thence S 11 degrees 40' E for a distance of 225 feet; thence N 78 degrees 20' E for a distance of 75 feet; thence N 11 degrees 40' W for a distance of 225 feet, thence S 78 degrees 20' for a distance of 75 feet to the true point of commencement.
- Section 23: W ½ W ½, SE ¼ SW ¼, NE ¼ NW ¼ excepting the east 670 feet
- Section 26: NE ¼ NW ¼
- Section 27: W ½ NW ¼, NW ¼ SW ¼
- Section 28: N ½, N ½ S ½, S ½ SW ¼, SW ¼ SE ¼
- Section 29: SE ¼ NE ¼, SE ¼
- Section 32: E ½, All that part of the S ½ NW ¼ described as follows: Beginning at the center of said Sec. 32, thence running W 209.1 feet; thence N 8 degrees 58' E 1341.2 feet to the northeast corner of the SE ¼ NW ¼ of said Sec. 32; thence S 1325 feet to the point of beginning; and beginning at a point 742 feet N and 2032 feet W of the center of Sec. 32 and running S 60 feet, thence W 50 feet; thence N 60 feet; thence E 50 feet to the point of beginning.
- Section 33: NW ¼ NW ¼

EXCEPTING THEREFROM a strip of piece of land 100 feet wide, being 50 feet wide on each of the center line of the Lehigh Branch, so-called, of the railway of the Great Northern Railway Company, as formerly located and constructed, but now abandoned, and extending over and across the N ½ Sec. 22, NW ¼ NW ¼, and the above described portions of NE ¼ NW ¼ of Sec. 23, T15N, R12E, M.P.M.

In Judith Basin County, MT,

Together with all water rights, without warrant; and all mineral rights, without warranty,

Together with all Grantor's interest in all income or loss from said property,

Together with all titled and untitled equipment, vehicles and other personal property belonging to or associated with the property commonly known as the Lehigh Ranch.

Return to:
Hubble Law Firm, PLLP
P.O. Box 556
Stanford, MT 59479

175844 Fee: $14.00
JUDITH BASIN COUNTY Recorded 1/30/2015 At 10:22 AM
Amanda Kelly, Clerk and Recorder
By _____

## QUIT CLAIM DEED

THIS INDENTURE, made the __19__ day of __Jan__, 2015, from the Gayle J. Evans Living Trust, P.O. Box 55 McCall, MS 39647 to Gayle J. Evans at P.O. Box 55, McCall, MS 39647.

### WITNESSETH:

Grantor, for and in consideration of the sum of Ten and no/100 Dollars and Other Good and Valuable Consideration ($10.00 O.V.C.) lawful money of the United States of America, to his paid by Grantee, the receipt of which is hereby acknowledged, does hereby convey, remise, and forever quit claim unto Grantee, and to his heirs and assigns forever, the real property situated in the Judith Basin County, Montana, more particularly described as:

See Exhibit "A" attached hereto and by this reference and made apart hereof.

Together with all tenements, hereditaments, and appurtenances thereto belonging, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof; and also all of the estate, right, title, interest, property, possession, claim and demand whatsoever, as well in law as in equity, of the Grantor, of, in, or to the premises, and every part and parcel thereof, to have and to hold, all and singular the premises, with the appurtenances unto Grantee, and to his heirs and assigns forever.

IN WITNESS WHEREOF, Grantor has hereunto set his hand and seal the day and year first hereinbefore written.

_____
Gayle J. Evans

STATE OF __Mississippi__ )
                          : ss.
County of __Lincoln__ )

Subscribed and sworn to before me this __19__ day of __January__, 2015, by Gayle J. Evans
Signature: _____
Print Name: __Brian M. Oswalt__
Notary Public for __State of Mississippi__
Residing at: __Brookhaven, MS__
My Commission expires: __10__/__14__/20__18__

[Notary Seal: STATE OF MISSISSIPPI, BRIAN M. OSWALT, ID No 110456, NOTARY PUBLIC, Comm Expires October 14, 2018, LINCOLN COUNTY]

ATTACHMENT A
TO REALTY TRANSFER CERTIFICATE

PART 2 - PARTY

Gayle J. Evans Living Trust
P.O. Box 55
McCall, MS 39647

Gayle J. Evans
SSN: xxx-xx-3188

Gayle J. Evans
P.O. Box 55
McCall, MS 39647

PART 3 - PROPERTY DESCRIPTION

```
Township 15 North, Range 12 East, M.P.M.
    Section 16:   SE 1/4, N 1/2 SW 1/4, SE 1/4 NW 1/4,
                  S 1/2 NE 1/4
    Section 17:   NE 1/4 SE 1/4
    Section 20:   S 1/2 NE 1/4
    Section 21:   All
    Section 22:   N 1/2, SE 1/4, W 1/2 SW 1/4, SE 1/4 SW 1/4, a
A tract of land in the NE 1/4 SW 1/4 described as follows:
Commencing at the SW 1/4 of said Sec. 22; thence East for a
distance of 1320 feet, more or less, to the NW corner of the
NE 1/4 SW 1/4 of said Sec. 22; thence S 54 degrees 37' E for a
distance of 157.2 feet to the center line of the Lehigh Spur of
the Great Northern Railway Company, as formerly located and
constructed, but now abandoned; thence S 11 degrees 40' E for a
distance of 50 feet to the true point of commencement of the
tract herein described thence S 11 degrees 40' E for a distance
of 225 feet; thence N 78 degrees 20' E for a distance of 75
feet; thence N 11 degrees 40' W for a distance of 225 feet,
thence S 78 degrees 20' W for a distance of 75 feet to the true
point of commencement.
    Section 23:   W 1/2 W 1/2, SE 1/4 SW 1/4, NE 1/4 NW 1/4
excepting the east 670 feet
    Section 26:   NE 1/4 NW 1/4
    Section 27:   W 1/2 NW 1/4, NW 1/4 SW 1/4
    Section 28:   N 1/2, N 1/2 S 1/2, S 1/2 SW 1/4, SW 1/4
                  SE 1/4
    Section 29:   SE 1/4 NE 1/4, SE 1/4
    Section 32:   E 1/2, All that part of the S 1/2 NW 1/4
described as follows: Beginning at the center of said Sec. 32,
thence running W 209.1 feet; thence N 8 degrees 58' E 1341.2
feet to the northeast corner of the SE 1/4 NW 1/4 of said Sec.
32; thence S 1325 feet to the point of beginning; and beginning
at a point 742 feet N and 2032 feet W of the center of Sec. 32
and running S 60 feet, thence W 50 feet; thence N 60 feet;
thence E 50 feet to the point of beginning.
    Section 33:   NW 1/4 NW 1/4
```

EXCEPTING THEREFROM a strip of piece of land 100 feet wide, being 50 feet wide on each of the center line of the Lehigh Branch, so-called, of the railway of the Great Northern Railway Company, as formerly located and constructed, but now abandoned, and extending over and across the N 1/2 Sec. 22, NW 1/4 NW 1/4, and the above described portions of NE 1/4 NW 1/4 of Sec. 23, T15N, R12E. M.P.M.

In Judith Basin County, MT

Together with all water rights, without warranty and all mineral rights, without warranty.