Patrick F. Flaherty
Daniel Flaherty
FLAHERTY GALLARDO LAWYERS
1026 1ST Ave. S.,
P.O. Box 1968
Great Falls, Montana 59403
Telephone: (406) 727-8494
Facsimile:  (406) 727-8537
pat@greatfallsfirm.com
daniel@greatfallsfirm.com

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| CHANCE J. EVANS,<br><br>PLAINTIFF,<br><br>VS.<br><br>GAYLE J. EVANS JR.,<br><br>DEFENDANT. | Case No. CV-24-64-GF-JTJ<br><br>**PLAINTIFF'S STATUS REPORT and MOTION FOR EXTENSION OF TIME** |

## MOTION

COMES NOW, Plaintiff, through his counsel of record, and hereby moves this Court for its Order Setting a Status/Show Cause Hearing to help the parties enforce a settlement agreement.

## BRIEF IN SUPPORT OF MOTION

The Plaintiff attaches hereto as Exhibit "A", a copy of the Settlement

Agreement entered into by the parties and was signed as a result of the efforts of US Magistrate Timothy Cavan.

The immediate and urgent concern is that the calf crop of this year is under contract and about to be sold - <u>without</u> Chance Evans.

The Evans have run and operated a family ranch for over 40 years. This year, a third party is selling the calves and GJ Evans has directed this and it is going to material breach the settlement agreement and cost Chance tens of thousands.

**Settlement Agreement**

The Settlement Agreement was entered in the record and the expectancy of the agreement is plain:



**4. All Montana Cattle and Equipment will be sold and the proceeds equally split. Cattle to be sold by 2026, January 1 – parties to cooperate.**

The Surprise Creek Colony have already sold the calves and are about to ship them and receive the money – expected to be over $100,000. Chance entered the agreement with the understanding that the Evans herd (heifers and calves – collectively cattle) will be sold and he would get half. The heifers are set to be sold separately. The immediate concern is the at the Surprise Creek had in fact been taking care of the calves (they branded them) and sold them already. They were under contract to be sold and GJ knew of this, but never disclosed.

The Colony is represented by Oliver Urick and they will hold the money from the sale until a ruling has been made. However, the Colony had a side deal with GJ- they are to receive 70% of the money due to this side deal.

**The Side Deal.**

The Colony has branded the calves and are claiming 70% profit. GJ desires to take his 30% and split that between himself and Chance. – so each gets around $15,000. Chance entered into the agreement for 50% of all cattle – and this side deal screws him out of over $40,000.

At GJ's deposition, he denied any lease or deal with the Hutterite Colony.

```
                                                          Page 10
 1        when I say they, I want to talk about Hutterite
 2        entities, individual Hutterites.
 3            A  Nobody pays anything. I ain't going to pay
 4        anything.
 5            Q  Does anybody pay you anything?
 6            A  No. They aren't paying me anything at all.
 7        In fact, I tipped him.
 8            Q  Okay. Do you know who Paul Hofer is?
 9            A  Yeah.
10            Q  Okay. If he told somebody that he leases
11        your ranch and pays you $49,000 a year --
12            A  He's lying.
13            Q  He's a liar.
14            A  Yeah, he's a liar.
15            Q  Okay. Do you have any contemplated lease
16        agreements with the Hutterites or Paul Hofer?
17            A  No. Just got them helping me right now
```

Now, the attached emails show that the Colony has a 70% profit sharing agreement with GJ. The calves are about to be sold and the money deposited with the Colony.

GJ never once disclosed in his discovery or deposition or mediation that the Colony branded the calves and that he is going to let them take 70%.

GJ has now told Chance that he will only give him 15% under this

agreement and Chance therefore is being treated unfairly under the original agreement – which clearly says 50%. Furthermore, the Plaintiff was persuaded to take this agreement under the knowledge that the Defendant had stated that there was 'no contract' and that the Colony was lying. The Defendant's deposition is being provided herewith as Exhibit "B". The position of the parties and the Colony is laid out in the attached emails as Exhibit "C."

The Colony's attorney, Oliver Urick, has stated the colony will not release **any** funds to either party until this Court intervenes and clears the disputes. Wherefore, it is necessary that this Court set this matter for a status hearing.

### CONCLUSION AND REQUEST FOR ENFORCEMENT

The Plaintiff hereby requests that this Court enforce the agreement and that Chance is entitled to half of all cattle sales, as written.

Furthermore, the settlement agreement requires that the parties cooperate in the division of the farmland. The Plaintiff has engaged a surveyor and needs to survey the land. However, the Defendant has refused to sign this engagement. This should be enforced.

Third, the Defendant was obligated to sign a deed from the Trust over to himself. This has yet to happen as well. Given the above, Plaintiff is fearful that GJ

is not following through and this agreement needs to be enforced.

      RESPECTFULLY SUBMITTED this 20th day of October, 2025.

                                    /S/ PATRICK F. FLAHERTY
                                    PATRICK F. FLAHERTY
                                    *Attorney for the Plaintiff*

# CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on October 16th, 2025, a copy of the foregoing document was served on the following persons by the following means:

      CM-ECF
      Hand Delivery
      Mail
      Overnight Delivery Service
      Fax
  X  E-Mail

Gayle J. Evans Jr. C/O
CRAIG R. BUEHLER
Attorney at Law
224 W. Main St, Suite 414
Lewistown, MT 59457
Phone: (406)538-2466
Fax: (406) 538-2465
E-mail: crbuehler@midrive

/S/ PATRICK F. FLAHERTY
FLAHERTY GALLARDO LAW